UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              Case No.: 8:13-cr-216-VMC-JSS

FRANCISCO RIVAS-ROSERO

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Francisco Rivas-Rosero's pro se "Petition for Reduction of Sentence Pursuant to; 18 U.S.C. § 3582(c)(1)(A)(i); Amended 2018 First Step Act, Compassionate Release Act" (Doc. # 234), filed on June 16, 2021. The United States responded under seal on July 12, 2021. (Doc. # 238). Without leave of Court, Rivas-Rosero replied on July 23, 2021. For the reasons set forth below, the Motion is denied.

I.  **Background**

In November 2018, the Court sentenced Rivas-Rosero to 120 months' imprisonment for conspiring to distribute and possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. (Doc. # 210 at 1-2). Rivas-Rosero is fifty years old and is projected to be released from CI Giles W. Dalby on December 30, 2024. (Doc. # 238 at ¶ 4).

1

In the Motion, Rivas-Rosero seeks compassionate release from prison under Section 3582(c)(1)(A)(i), as amended by the First Step Act, because of his medical conditions, which include hypertension, hyperlipidemia, obesity, and pre-diabetes, his "liberty interest to be similarly sentence[d] [as] other similarly situated defendants," and his assistance to the government. (Doc. # 234 at 2-3, 19). The United States has responded (Doc. # 238) and Rivas-Rosero replied. (Doc. # 240). The Motion is now ripe for review.

## II. Discussion

The United States argues that Rivas-Rosero "presents no 'extraordinary and compelling reasons' that justify granting [compassionate release]." (Doc. # 238 at 3). The Court agrees.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). In the Motion, Rivas-Rosero argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it

2

> finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Even if Rivas-Rosero has exhausted his administrative remedies, the Motion is denied because he has not demonstrated that his circumstances are extraordinary and compelling. The Sentencing Commission has set forth the following exhaustive qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short, 1B1.13 is an applicable policy statement for all Section

3

3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). Rivas-Rosero bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

First, Rivas-Rosero cites to several underlying "chronic" medical conditions, which include hypertension, hyperlipidemia, obesity, and pre-diabetes, and allegedly make him especially susceptible to COVID-19. (Doc. # 234 at 19). However, Rivas-Rosero has not demonstrated these conditions are serious enough such that they substantially diminish his ability to provide self-care in prison. USSG § 1B1.13, comment. (n.1); see also United States v. Auguste, No. 1:00-cr-00485-UU-4, 2020 WL 7635930, at *1-2 (S.D. Fla. Aug. 17, 2020) (denying an inmate's pro se motion for compassionate release who suffered from obesity); United States v. Contreras, 504 F. Supp. 3d 1052, 1055-59 (D.S.D. 2020) (finding that a hyperlipidemia diagnosis did not warrant compassionate release); United States v. Smith, --- F. App'x ----, 2021 WL 1997656, at *1-3 (11th Cir. May 19, 2021)

(affirming the denial of compassionate release for an inmate who suffered from hypertension and pre-diabetes). Indeed, Rivas-Rosero's medical records indicate that his medical conditions are being managed in prison. (Doc. # 238-2). And, Rivas-Rosero has been fully vaccinated against COVID-19 since June 10, 2021. (Id. at 2).

Next, Rivas-Rosero cites to his "liberty interest to be similarly sentence[d] [as] other similarly situated defendants." (Doc. # 234 at 2-3). However, sentencing disparities are not listed in USSG § 1B1.13, meaning that any disparity in sentencing Rivas-Rosero raises does not constitute an extraordinary and compelling reason warranting release. See United States v. Ortiz-Lopez, No. 8:11-cr-48-VMC-AAS, 2021 WL 2941773, at *2 (M.D. Fla. July 13, 2021) (denying a motion for compassionate release based on sentencing disparities).

Nor is a defendant's assistance to the government included in USSG § 1B1.13. See United States v. Hernandez, No. 9:15-CR-80077-ROSENBERG, 2020 WL 3451683, at *2 (S.D. Fla. June 24, 2020) (denying a motion for compassionate release that included, among other things, an argument regarding the defendant's cooperation with the government). In any event, the government alone has the discretion to move

the Court for a reduction in sentenced based on Rivas-Rosero's alleged substantial assistance. See Fed. R. Crim. P. 35(b) ("Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person."). And, even if the Court could consider these "other reasons" warranting release, none of Rivas-Rosero's arguments establish that his circumstances are extraordinary and compelling.

Finally, the 18 U.S.C. § 3553(a) factors do not support compassionate release. Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of his crime. The nature and circumstances of this case involved the attempted smuggling of over five kilograms of cocaine into the United States. (Doc. # 90 at 20). Over forty months of Rivas-Rosero's term of incarceration remain and the need for deterrence weighs against release at this time. (Doc. # 238 at ¶ 3).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Francisco Rivas-Rosero's pro se "Petition for Reduction of Sentence Pursuant to; 18 U.S.C. §

3582(c)(1)(A)(i); Amended 2018 First Step Act, Compassionate Release Act" (Doc. # 234) is **DENIED**.

    **DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>9th</u> day of August, 2021.

 

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE